IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVELYN M. WILLIAMS, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | CIVIL ACTION |
| v. | : | NO.  09-4338 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION AND ORDER

**Rufe, J.**                                                    **November  8, 2011**

Plaintiff Evelyn Williams filed this action pursuant to 42 U.S.C. § 405(g) and

§ 1383(c)(3), seeking judicial review of the final decision of the Commissioner of the Social

Security Administration ("SSA") denying her claim for supplemental security income ("SSI")

under Title XVI of the Social Security Act.  Ms. Williams seeks reversal of the Commissioner's

decision on the grounds that the Administrative Law Judge's ("ALJ") finding that Ms. Williams

is not disabled was not supported by substantial evidence.  Magistrate Judge Arnold C. Rapoport

issued a Report and Recommendation ("R&R") recommending that the case be remanded to the

Commissioner for further review.  The Commissioner has filed objections to the R&R, arguing

that the Magistrate Judge applied the incorrect legal standard and that the ALJ's decision is

supported by substantial evidence.

Upon this Court's careful, independent consideration of the administrative record, the

parties' submissions, and the applicable law, the Court has determined that although the  R&R's

summary of the relevant law was truncated, the Magistrate Judge correctly concluded that the

ALJ's decision was not supported by substantial evidence.  Therefore, the case will be remanded

to the Commissioner for further proceedings.


## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an application for SSI on November 2, 2006.  The ALJ found that Plaintiff

"has the following severe impairments: Bilateral carpal tunnel syndrome, degenerative disc

disease/degenerative joint disease of the spine, degenerative joint disease of the knee and cervical

radiculopathy."[1]  The ALJ found that, although Plaintiff could not perform her past relevant

work, Plaintiff was not disabled because she could perform unskilled sedentary work.[2]  In

making this determination, the ALJ rejected Plaintiff's subjective complaints of pain as not fully

credible and the opinion of Plaintiff's treating physician, Dr. Avart, as inconsistent with the

objective medical evidence.[3]  After exhausting her administrative appeals, Plaintiff filed suit in

this Court, contending that the ALJ's decision was not supported by substantial evidence.


## II. LEGAL STANDARDS

Disability determinations before an ALJ "involve shifting burdens of proof."[4]  The

claimant initially satisfies the burden of showing she is disabled by demonstrating that she cannot

---

[1] R. 12.

[2] R. 17-18.

[3] R. 16-17.

[4] Podedworny v. Harris, 745 F.2d 210, 217 (3d Cir. 1984).

return to her customary occupation.[5]  Once the claimant's initial burden is met, the burden shifts

to the Commissioner, who must show that the claimant can still engage in substantial gainful

activity.[6]

This burden-shifting process follows a five-step sequential evaluation process

promulgated by the SSA.[7]  At step one, the ALJ must determine whether the applicant is

currently engaging in "substantial gainful activity"; if the ALJ so finds, the claim is denied.[8]  In

step two, the ALJ must determine whether the claimant is suffering from a severe impairment.[9]

If the claimant suffers from a severe impairment, the ALJ at step three compares the claimant's

impairment to a list of impairments presumed to preclude any gainful work, which are listed in

Part 404, Subpart P, Appendix 1 of the applicable regulations ("listed impairments").[10]  If the

applicant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps

four and five.  At step four, the ALJ must determine whether the applicant has the residual

functional capacity to perform past relevant work.[11]  If the applicant proves she cannot resume

her former occupation, the burden shifts to the Commissioner at step five, where the

Commissioner must demonstrate that the applicant is capable of performing other work available

---

[5] 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

[6] 20 C.F.R. §§ 404.1520(b), 416.920(b).

[7] 20 C.F.R. §§ 404.1520, 416.920; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000).

[8] 20 C.F.R. §§ 404.1520(b), 416.920(b); see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

[9] 20 C.F.R. §§ 404.1520(c), 416.920cd).

[10] See 20 C.F.R. §§ 404.1520(d), 416.920(d).

[11] 20 C.F.R. §§ 404.1520(e), 416.920(e).

in the national economy.[12]  If the Commissioner cannot demonstrate that the applicant is capable

of other available work, the ALJ must find that the applicant is disabled.

A court reviewing a Social Security case must base its decision on the record of the

administrative proceedings and the pleadings of the parties.[13]  The court's review of legal issues

is plenary, but its factual review is limited.[14]  The court must determine whether the record

contains substantial evidence to support the ALJ's factual findings, and whether the

Commissioner applied the proper legal standards in making its decision.[15] "Substantial evidence"

means "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."[16]  The amount required is more than a mere scintilla, but less than a preponderance

of the evidence.[17]  If the ALJ's factual findings were determined according to the correct legal

standards and are supported by substantial evidence, the court is bound by them, "even if [it]

would have decided the factual inquiry differently."[18]

A district court must review *de novo* those portions of a magistrate judge's report and

recommendation to which a party has objected.[19]  The district court may in its discretion "accept,

---

[12] Id.

[13] 42 U.S.C. § 405(g).

[14] Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999).

[15] See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).

[16] Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995).

[17] See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

[18] Fargnoli, 247 F.3d at 38.

[19] 28 U.S.C. § 636(b)(1)(c).

reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[20]

### III. DISCUSSION

In this case, the Magistrate Judge concluded that the ALJ failed to give appropriate weight to the opinion of Plaintiff's treating physician.  The Commissioner argues that the Magistrate Judge applied an incorrect legal standard,  and objects specifically to the statement in the R&R that, "[i]n addition, 'a treating physician's report not only may be given more weight, it must be given controlling weight.' 20 C.F.R. § 404.1527."[21]  The Commissioner is correct that the regulation specifies that a treating physician's opinion is entitled to controlling weight only when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" of record.[22]  However, although the standard for evaluating a treating physician's opinion may not have been stated fully, the Magistrate Judge explained that objective evidence did support the treating physician's opinion,[23] and that the ALJ failed to offer any explanation to support her decision to accord no significant weight to the treating physician's assessments.[24]  The Magistrate Judge also noted that the

---

[20] Id.

[21] R&R at 9.

[22] 20 C.F.R. § 404.1527(d)(2).

[23] Specifically, the Magistrate Judge noted that objective tests were positive for "cervical radiculopathy, bilateral carpal tunnel, minimal multilevel discogenic changes of the cervical spine with a tiny central protrusion at C5-6, patellofemoral and femorotibial changes of the knees, chronic L5 radiculopathy, and mild degenerative changes of the lower lumbar spine."  R&R at 10-11.

[24] R&R at 10.

assessment of Plaintiff's abilities and limitations by the Commissioner's examining physician,

Dr. Ross, was similar to Dr. Avart's.[25]  The Magistrate Judge thus correctly concluded that the

ALJ's decision was not supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, this Court overrules the Commissioner's objections to the

R&R, grants Plaintiff's request for review, and remands for further consideration pursuant to the

fourth sentence of 42 U.S.C. § 405(g).  An appropriate order follows.

---

[25] R&R at 11.  Dr. Avart opined that Plaintiff was limited to lifting no more than 10 pounds, sitting no more than two hours in an eight-hour day, standing no more than one hour in an eight-hour day, with no continuous sitting for more than 10 to 15 minutes and no use of the upper extremities.  R&R at 10.  Dr. Ross opined that Plaintiff was limited to lifting or carrying 2-3 pounds, standing or walking one hour in an eight-hour day, sitting for six hours in an eight-hour day, with no pushing or pulling, no postural activities, marked limitations on reaching, handling, and fingering, and environmental restrictions to prevent exacerbating Plaintiff's pain.  R&R at 11.